IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-445-D

| | |
|---|---|
| ANTHONY BLUE, as the Administrator of the Estate of James E. Blue, Sr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RANDY L. HILL; RUAN TRANSPORT CORPORATION; and AIRGAS USA, LLC, )<br>)<br>Defendants. ) | **CONSENT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER (AS MODIFIED)**[1] |

*This Consent Confidentiality Stipulation and Protective Order is the subject of the parties' motion (D.E. 17) for entry thereof in the form proposed at D.E. 17-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Consent Confidentiality Stipulation and Protective Order, subject to the following modifications:*

1. NOW COME the plaintiff and defendants, through their respective attorneys, and consent to this Confidentiality Agreement and Protective Order. This Confidentiality Agreement and Protective Order pertains to documents to be produced under Rule 26(a)(1)(ii) with the initial disclosure or through the discovery process. *A party may designate any discovery material as "Confidential" pursuant to this Consent Confidentiality Stipulation and Protective Order only if such party believes in good faith that such discovery material qualifies for protection under Federal Rule of Civil Procedure 26(c) or other provision of law.* Defendants assert that some or

---

[1] Sentences that contain text added or revised by the court are in italics. Non-substantive formatting changes include the insertion of paragraph numbers for ease of reference and substitution of the name of the undersigned in the signature block.

all of the information contained in these documents is personal, protected by HIPAA regulation, confidential, a trade secret and/or proprietary information, that they maintain the confidentiality of this information, and that such information is not available to and not disseminated to the general public. The documents subject to this Order include:

    (1)    the Master Agreement and related documents between Airgas, Inc. and Ruan Transport Corporation;
    (2)    Ruan Transport Corporation's Megasafe 7 Driver Guide; and
    (3)    Medical information and testing in Randy Hill's DQ file.

    2.    Plaintiff has not yet been provided with these documents, but agrees to this Confidentiality Agreement and Protective Order to ensure that the use or distribution of such asserted confidential and privileged information will not be used for any purpose other than this action, and that such information will not be made public or be otherwise disseminated by the plaintiff beyond the extent necessary for purposes of this action, unless and until such time as (1) the parties mutually agree that one or more of the documents referenced are no longer subject to the terms of this Consent Confidentiality Stipulation and Protective Order; or (2) the Court determines that one or more of the documents referenced are not within the scope of protected materials under Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree that any document(s) covered by any subsequent agreement or Court ruling will no longer be subject to the terms of this Consent Confidentiality Stipulation and Protective Order. *Notwithstanding any contrary provisions in this paragraph, the extent to which this Consent Confidentiality Stipulation and Protective Order survives the conclusion of this lawsuit shall be determined in accordance with law.*

    3.    *All parties agree and the Court further orders, pursuant to the regulations implementing the Health Information Portability and Accountability Act of 1996 ("the Act" or*

*"HIPAA"), specifically 45 C.F.R. § 164.512(e)(1)(iii), that to the extent Defendant Hill's DQ file contains "protected health information," as that term is defined in the Act, the parties to this action and their counsel, business associates, expert witnesses, and consultants may disclose such information to the minimum extent reasonably necessary for the prosecution, defense, or discovery of this action once the other provisions of this Order are satisfied.*

4.     By executing this Order, the parties and their attorneys have given evidence of their good faith intention to safeguard protected health information against disclosure beyond the minimum extent necessary for purposes of discovery and the prosecution and defense of this action, and to obtain assurances from third parties to whom this information is necessarily provided for such purposes to do the same. Accordingly, the Court further orders and all parties agree that the provisions of the Act, and specifically 45 C.F.R. § 164.502(e)(2), regarding written documentation, shall be deemed to have been satisfied in this action without the necessity for any named party or those who are or have been employed by any named party to obtain contractual guarantees of such assurances.

5.     If plaintiff disseminates these confidential and privileged materials to expert witnesses or others relevant to this action, then plaintiff agrees to retrieve and collect all copies of the confidential and privileged materials from such sources at the conclusion of this action. Plaintiff further agrees to delete all electronic copies and to return all printed copies of and CDs with Defendants Ruan Transport Corporation and Airgas USA, LLC's proprietary documents and Randy Hill's personal information as well as HIPAA protected information and documents to defense counsel at the conclusion of this action, with confirmation that all electronic copies have been deleted and all printed copies and CDs of the confidential and privileged materials have been

3

returned to defense counsel. *Court personnel shall be excluded from the provisions in this paragraph. The return of confidential information by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Consent Confidentiality Stipulation and Protective Order, including any such terms in this paragraph.*

      6.      Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be

maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

SO ORDERED, this 15th day of November 2018.

_____
James E. Gates
United States Magistrate Judge


BY CONSENT:

| | |
|---|---|
| LAW OFFICE OF JAMES SCOTT FARRIN<br>By: /s/ Coleman M. Cowan<br>Coleman M. Cowan<br>Attorneys for Plaintiff<br>280 S. Mangum St., Suite 400<br>Durham, NC 27701<br>ccowan@farin.com | YOUNG MOORE & HENDERSON P.A.<br>By:/s/ Dana H. Hoffman<br>Dana H. Hoffman<br>Jennifer C. Fisher<br>Attorneys for Defendants<br>P.O. Box 31627<br>Raleigh, NC 27622<br>dana.hoffman@youngmoorelaw.com<br>jcf@youngmoorelaw.com |