IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-00445-M

ANTHONY BLUE, as the Administrator of )
the Estate of James E. Blue, Sr., )
)
Plaintiff, ) **OPINION**
) **AND ORDER**
v. )
)
RANDY L. HILL, RUAN TRANSPORT )
CORP., and AIRGAS USA, LLC, )
)
Defendants. )

This matter comes before the court on Defendants' Motion for Partial Summary Judgment as to Christopher Jarvis Blue's Lack of Entitlement to Damages, filed July 16, 2019 [DE-29]. For the reasons stated below, Defendants' motion is GRANTED.

I. **Background**

Early in the evening on November 23, 2017, Defendant Randy L. Hill was driving a tractor pulling a trailer on Interstate 85 near Oxford, North Carolina, when his tractor-trailer collided with a truck driven by James E. Blue, Sr. ("Decedent"). [DE-1-5, DE-12 ¶¶ 21, 26] Decedent died later that evening. [DE-1-5, DE-12 ¶¶ 3, 27]

Plaintiff Anthony Blue, the Administrator of Decedent's estate, filed a complaint in Vance County, North Carolina Superior Court on August 6, 2018, seeking compensatory and punitive damages in connection with Decedent's allegedly-wrongful death. [DE-1-5] Plaintiff sued Hill individually alleging that Hill's negligence, gross negligence, and/or willful and wanton disregard for Decedent's safety was a proximate cause of the collision, and sued Defendants Ruan Transport Co. ("Ruan") and Airgas USA, LLC

1

("Airgas") alleging that they are vicariously liable for Hill's conduct.[1] [DE-1-5]

On September 13, 2018, Defendants filed a notice of removal in this court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.[2] [DE-1] Defendants then answered the complaint on September 19, 2018. [DE-12]

Discovery ensued. On July 16, 2019, before the discovery period ordered by the court had expired, Defendants filed their Motion for Partial Summary Judgment as to Christopher Jarvis Blue's Lack of Entitlement to Damages (the "Motion") under Federal Rule of Civil Procedure 56 ("Rule 56"). [DE-29] In their brief in support, Defendants argued that they were not responsible for any damages that might be claimed by Decedent's son Christopher Jarvis, who Plaintiff had identified in an interrogatory response as one of Decedent's putative heirs. [DE-30; DE-32-2] Defendants argued that (1) North Carolina's wrongful-death statute only allows persons entitled to take in intestacy to recover in an action for wrongful death and (2) Plaintiff cannot forecast evidence that Jarvis was entitled to take under North Carolina's intestate-succession statute. [DE-30] Plaintiff argued in opposition that the Motion was improper because it "does not seek judgment as a matter of law on any claim asserted by Plaintiff, nor does it seek judgment as a matter of law on any defense asserted by Defendants[,]" but instead "seeks an evidentiary ruling on testimony to be offered by a witness at trial, which will not affect the merits of any party's claim or defense at issue in this case[.]" [DE-34 at 3–4] Plaintiff also argued that the discovery period had not yet expired, and stated that he was still seeking discovery regarding Jarvis. [DE-34 at 4–5]

The discovery period closed on August 30, 2019. [DE-15] On April 6, 2020, the court entered an

---

[1] Plaintiff also sued Airgas Specialty Products, Inc. in the complaint, but the parties thereafter stipulated to that defendant's dismissal. [DE-11]

[2] Although Defendants' initial notice of removal [DE-1] insufficiently alleged facts sufficient to satisfy the court that it has jurisdiction over the dispute under 28 U.S.C. § 1332, Defendants subsequently filed an amended notice of removal containing sufficient allegations for the exercise of diversity jurisdiction. [DE-68]

2

order directing the parties to file a joint status report setting forth their positions regarding, *inter alia*, whether the Motion is "ripe for adjudication in light of the materials already submitted by the parties in support of and opposition thereto." [DE-67] The parties filed their joint status report on April 20, 2020 and, *inter alia*, stated their positions that the Motion is ripe for adjudication without mentioning any further materials the parties wished that the court would consider. [DE-69]

## II. Legal standards

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). A party moving for summary judgment on a claim or defense or part thereof bears the burden of "show[ing] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law" on that claim or defense or part thereof. *Id.* Within the meaning of Rule 56: (1) a fact is "material" if a jury's decision regarding the fact's existence or nonexistence "might affect the outcome of the suit under the governing law"; and (2) a dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party" with respect to that fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which [the movant] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may demonstrate the absence of a genuine dispute as to a material fact by: (1) "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[,]" Fed. R. Civ. P. 56(c)(1)(A); or (2) showing that the record "do[es] not establish the absence or presence of a genuine dispute, or that [the nonmovant] cannot produce admissible

3

evidence to support the fact[,]" Fed. R. Civ. P. 56(c)(1)(B).

The Fourth Circuit has said:

> When the moving party has carried its burden, the nonmoving party must come forward with evidence which shows more than some metaphysical doubt that genuine and material factual issues exist. A mere scintilla of evidence presented by the nonmoving party is insufficient to circumvent summary judgment. Rather, the nonmoving party must convince the court that upon the record taken as a whole[3] a rational trier of fact could find for the nonmoving party.

*Austin v. Clark Equip. Co.*, 48 F.3d 833, 836 (4th Cir. 1995) (internal quotation marks and citations omitted). The nonmovant is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in [the evidence] resolved favorably to him[.]" *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

Where the district court concludes that—based upon the record taken as a whole, when viewed in the light most favorable to the nonmovant as described above—a reasonable jury could find in the nonmovant's favor on the disputed material fact, summary judgment must be denied. *Anderson*, 477 U.S. at 248. But where, in light of the same, the court concludes that a jury could not reasonably find in the nonmovant's favor, summary judgment may be granted. *Id.* at 249–50.

### III. Analysis

In their memorandum in support of the Motion, Defendants argue that they cannot be held responsible for any damages that might be claimed by Jarvis because (1) North Carolina's wrongful-death statute only allows those entitled to take in intestacy to recover in an action for wrongful death and (2) Plaintiff cannot forecast sufficient evidence that Jarvis was entitled to take under North Carolina's intestate-succession statute. [DE-30]

---

[3] The court need only consider those parts of the record cited by the parties, but it may consider other materials in the record if it so chooses in the exercise of its discretion. Fed. R. Civ. P. 56(c)(3); *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 324–25 (4th Cir. 2017).

4

In his complaint, Plaintiff seeks damages under North Carolina's[4] wrongful-death statute, N.C. Gen. Stat. § 28A-18-2. [DE-1-5 ¶¶ 5, 43] Under that statute, a legal representative can recover a variety of damages from one responsible for causing a wrongful death, such as "[t]he present monetary value of the decedent to the persons entitled to receive the damages recovered," including compensation for, *e.g.*, loss of "assistance of the decedent[.]" N.C. Gen. Stat. § 28A-18-2(b)(4). But such damages "shall be disposed of as provided in the Intestate Succession Act." N.C. Gen. Stat. § 28A-18-2(a). Accordingly, if a party could not take from the decedent under North Carolina's Intestate Succession Act, N.C. Gen. Stat. § 29, the party cannot recover damages in a suit brought under N.C. Gen. Stat. § 28A-18-2.

Plaintiff's first argument—that the Motion is not a proper Rule 56 motion—bears analysis here. As mentioned above, a party may seek summary judgment on any "part of [a] claim or defense" under Rule 56(a). Defendants have here moved under Rule 56 for judgment on the part of Plaintiff's wrongful-death claim based upon damages Jarvis might be "entitled to receive[,]" arguing that there is no genuine dispute regarding whether Jarvis could take from Decedent under N.C. Gen. Stat. § 29, and thus that there is no genuine dispute that such damages are not recoverable by Plaintiff in this lawsuit. [DE-30] In other cases, district courts have granted similar motions for partial summary judgment. *See Chevron Pipe Line Co. v. PacifiCorp*, No. 2:12-CV-287-TC, 2017 U.S. Dist. LEXIS 144260, at *3 (D. Utah Sep. 6, 2017) ("The plain language of Rule 56 allows a court to grant partial summary judgment on a portion of a claim. . . . Damages are part of a claim."); *Loft v. Stationary Eng'rs, Local 39, PTF, LLC*, 87 F. Supp. 3d 1138, 1146 (N.D. Cal. 2015) (noting that "[a]lthough it does not appear the Ninth Circuit has explicitly addressed the question of whether a party may move for summary judgment on the availability of a remedy, most district courts to consider the question have held that it is proper" and collecting cases). In light of these cases, and its plain

---

[4] Under the *Erie* doctrine, a federal court sitting in diversity applies (1) the substantive law of the state in which it sits and (2) federal procedural law. *See Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).

5

reading of Rule 56(a), the court is persuaded that the Motion is a proper Rule 56(a) motion. *See also* Fed. R. Civ. P. 56(g) (allowing the court to "enter an order stating any material fact – *including an item of damages* or other relief – that is not genuinely in dispute and treating the fact as established in the case." (emphasis added)).

The court accordingly turns to the substance of the Motion. Because a jury's decision regarding whether Jarvis could take from Decedent under N.C. Gen. Stat. § 29 "might affect the outcome of the suit under the governing law[,]" that question concerns a material fact, and Defendants' Motion may be granted upon a showing that there is no genuine dispute about that fact, *i.e.*, that "a reasonable jury could [not] return a verdict" for Plaintiff with respect to that fact based upon the evidence forecast by the parties. *Anderson*, 477 U.S. at 248.

In support of the Motion, Defendants: (1) have directed the court's attention to a document that appears to be Jarvis's birth certificate, which indicates that Jarvis was the son of Decedent and Tamara Manning; and (2) in their Local Rule 56.1(a) Statement of Material Facts, have alleged that Decedent and Manning were not married at the time of Jarvis's birth, and that Jarvis was born out of wedlock. [DE-32-3; DE-31 ¶¶ 5–6] Plaintiff admitted that Jarvis was born out of wedlock in his Local Rule 56.1(a) response. [DE-35 ¶¶ 5–6]

N.C. Gen. Stat. § 29-19 governs intestate succession by, through, and from a child born out of wedlock. That statute only allows a child born out of wedlock to take from a person alleged to have been their father if the person: (1) was finally adjudged to be the father of the child; (2) acknowledged himself during his and the child's lifetime to be the father of the child in a written, certified, and properly filed instrument; or (3) died not later than one year following the child's birth and was established to be the child's father through DNA testing. N.C. Gen. Stat. § 29-19(b). North Carolina courts have made clear that "[a]n illegitimate child's right to inherit from [his] putative father is established only via strict

6

compliance with one of the statutory methods of legitimation" set forth in N.C. Gen. Stat. § 29-19. *In re Williams*, 208 N.C. App. 148, 152, 701 S.E.2d 399, 401 (2010).

Defendants argue that Plaintiff cannot forecast evidence creating a genuine dispute as to whether Jarvis was legitimized in one of the ways described within N.C. Gen. Stat. § 29-19(b). [DE-30 at 7–10] Because Plaintiff would bear the burden of proving that Jarvis had been legitimized at trial, this argument puts the onus upon Plaintiff to "come forward with evidence which shows more than some metaphysical doubt that genuine and material factual issues exist." *Austin*, 48 F.3d at 836; *Celotex*, 477 U.S. at 324.

Plaintiff has failed to so come forward. As mentioned above, Plaintiff argued in opposition that the Motion was premature because the discovery period had not closed when the Motion was filed, and stated that he was pursuing evidence that might defeat the Motion, namely a written instrument acknowledging paternity as contemplated by N.C. Gen. Stat. § 29-19(b)(2). [DE-34 at 4–5] But the discovery period closed in August 2019, and in the parties' joint response to the court's April 6, 2020 order expressly soliciting any additional evidence relevant to the Motion, Plaintiff did not come forward with any such evidence and stated his position that the Motion was ripe for adjudication. [DE-67; DE-69 ¶ 8] Accordingly, Plaintiff has failed to defeat summary judgment.

Because Plaintiff has failed to demonstrate the existence of a genuine dispute as to whether Jarvis could take from Decedent under N.C. Gen. Stat. § 29, the court concludes that Defendants are entitled to partial summary judgment on that issue. As a result, no damages that might otherwise be recoverable by Jarvis may be recovered by Plaintiff in this case.

7

## IV. Conclusion

For the reasons stated above, Defendants' Motion for Partial Summary Judgment is GRANTED.

SO ORDERED this the 12th day of May, 2020.

_____
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE